YIPING LI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73681.
Agency No. A79–565–557.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Robert G. Ryan, Law Offices Of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Yiping Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence in the record supports the IJ's adverse credibility finding based on Li's implausible testimony

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the Chinese government allowed him to twice depart the country during the very time that it started to crack down on Falun Gong practitioners, notwithstanding the government's knowledge that Li was a Falun Gong practitioner. *See Id.* at 1043.

■ Because Li failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Substantial evidence also supports the IJ's conclusion that Li is not entitled to relief under the CAT because he failed to demonstrate that it is more likely than not that he will be tortured if returned to China. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Li's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**